**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YOUSSEF ABDELRAHMAN SAEED HASABALLAH,<br><br>                               Petitioner,<br><br>     v.<br><br>CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center; KRISTI NOEM, Secretary of the Department of Homeland Security,<br><br>                               Respondents. | Case No.:  26cv1172 DMS DDL<br><br>**ORDER GRANTING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a Return to the Petition, and Petitioner filed a Reply.  For the following reasons, the Petition is granted.

Petitioner is a native and citizen of Sudan.  (Return, Ex. 1.)  On September 3, 2025, he entered the United States without inspection, immediately presented himself to immigration officials, and was detained.  (*Id.*)  He was determined to be inadmissible, placed in expedited removal proceedings, and taken into Immigration and Customs Enforcement ("ICE") custody.  (*Id.*)  Petitioner was referred for a credible fear interview with an asylum officer, and after receiving a positive finding, was issued a Notice to

1

Appear, which initiated full removal proceedings. (Return at 2, Ex. 2.) After a hearing in immigration court, the immigration judge granted Respondents' motion to pretermit Petitioner's application for asylum and for withholding of removal, (Return, Ex. 3), and ordered Petitioner removed to Uganda. (*Id.*) Petitioner appealed that decision, and that appeal is pending before the Board of Immigration Appeals ("BIA"). (Reply at 2.)

On February 23, 2026, Petitioner filed the present case alleging his continued detention without a bond hearing violates his due process rights. Respondents argue Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1), and Petitioner's detention is not unconstitutionally prolonged.

In several previous cases, this Court has rejected Respondents' argument that detainees like Petitioner are properly detained under § 1225(b)(1). *See, e.g.*, *Garcia v. Noem*, 803 F.Supp.3d 1064, 1075-77 (S.D. Cal. 2025) (finding petitioners had shown a likelihood of success on claim they were detained under § 1226(a) as opposed to § 1225(b)(2)(A)). For the reasons set out in the Court's previous decisions, the Court again rejects Respondents' argument here.

Turning to Respondents' second argument, in *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019), the court set out

> a framework for analyzing a due process challenge to prolonged detention, a six factor balancing test used by some district courts, that considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Sadeqi v. LaRose*, 809 F.Supp.3d 1090, 1093-94 (S.D. Cal. 2025). This Court has applied those factors to similar claims, *see, e.g.*, *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL); *Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6, and does so again here.

Starting with the first factor, Petitioner has been detained since September 3, 2025, or for slightly more than seven months. Given Petitioner's appeal to the BIA, he is likely

to remain detained for several additional months, and possibly longer if there is an appeal to the Ninth Circuit.  On the third factor, courts in this District and elsewhere have found the conditions of confinement at Otay Mesa Detention Center, where Petitioner is currently housed, "are not dissimilar to criminal confinement[.]"  *Gao v. LaRose*, 805 F.Supp.3d 1106, 1111 (S.D. Cal. 2025).  *See also Zhakuov v. Noem*, No. 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *3 (S.D. Cal. Feb. 25, 2026) (quoting *Kydyrali v. Wolf*, 499 F.Supp.3d 768, 773 (S.D. Cal. 2020)) (stating multiple courts have found detention at Otay Mesa "'is indistinguishable from penal confinement'").  The parties agree the fourth and fifth factors are neutral here.  (*See* Return at 9; Reply at 8.)  And the same goes for the sixth factor, as it is unclear what the outcome of Petitioner's removal proceedings will be.

Because the balance of factors weigh in favor of Petitioner, the Court finds Petitioner's detention has become unconstitutionally prolonged and violates due process. Accordingly, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within seven (7) days of this Order.  The parties are ordered to file a Joint Status Report within fourteen (14) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results thereof.

**IT IS SO ORDERED**.

Dated:  April 7, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

3

26cv1172 DMS DDL